UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Luis Polo, being duly sworn, do hereby depose and state the following:

1. I am a Border Patrol Agent with the United States Border Patrol and have been so employed since March 27, 2006. As a Border Patrol Agent, I have gained experience in conducting investigations related to the illegal entry of aliens into United States. I attended the Federal Law Enforcement Training Center at Artesia, New Mexico, where I received training for the purpose of accomplishing my Border Patrol duties, which includes training in immigration related law and matters. Furthermore, I also receive training on a continuing basis for the purpose of maintaining my proficiency pertaining to Border Patrol work.

2. Investigation reveals that, on or about Thursday, January 19, 2026, Gil Josue VILLA-MEJIA was found in the United States illegally, upon being encountered, at or near Barrio Obrero, in San Juan, Puerto Rico, while present in the United States illegally, after having been previously deported. Therefore, this Affidavit is made in support of a Criminal Complaint against VILLA-MEJIA based on violation of Title 8, *United States Code*, Section 1326(a), Re-entering the United States after being previously deported or removed.

3. I make this affidavit based on my own personal knowledge and on oral and written reports by other federal, state, and/or local law enforcement agents and officers that investigated this matter. This affidavit does not contain all the information derived from this investigation only that which is sufficient to demonstrate probable cause to believe that a crime has been committed.

## PROBABLE CAUSE

4.   On or about Thursday, January 15, 2026, Border Patrol Agents (BPAs) were conducting roving patrol operations at or near Barrio Obrero, San Juan, Puerto Rico.

5.   This area is known for frequent drug & migrants smuggling activity.

6.   During patrol, BPAs observed several individuals, including VILLA-MEJIA.

7.    BPAs identified themselves as immigration officers, and proceeded to interview all subjects, including VILLA-MEJIA.

9.   BPAs questioned all subjects, including VILLA-MEJIA, as to their citizenship and nationality.

10.  All subjects, including VILLA-MEJIA, freely and voluntarily admitted to being unlawfully present in the United States.

11.  All subjects, including VILLA-MEJIA, admitted being citizens & nationals of the Dominican Republic.

12.  Record checks were conducted on all subjects, including VILLA-MEJIA.

13.  As per record checks, it was determined that VILLA-MEJIA is in fact an illegal alien with a prior deportation / removal.

14.  All subjects, including VILLA-MEJIA, were arrested and transported to U.S. Border Patrol Ramey Station in Aguadilla, Puerto Rico for further investigation, processing and removal proceedings.

15.  Once at Ramey Station, all subjects, including VILLA-MEJIA photograph & fingerprints were taken and entered to different law enforcement database systems. Record checks confirmed that VILLA-MEJIA possess prior immigration history.

16. As to VILLA-MEJIA's immigration history:

    (a) On May 11, 2010, VILLA-MEJIA illegally entered the United States at or near Aguadilla, Puerto Rico.

    (b) On June 18, 2015, VILLA-MEJIA was encountered by U.S. Border Patrol at or near Aguadilla, Puerto Rico.

    (c) On June 19, 2015, VILLA-MEJIA was released on his own recognizance.

    (d) On February 26, 2017, VILLA-MEJIA departed from the Dominican Republic in route to Rincon, Puerto Rico.

    (e) On February 27, 2017, VILLA-MEJIA was encountered after just having arrived on a yawl type vessel at or near Rincon, Puerto Rico.

    (f) On April 04, 2017, VILLA-MEJIA was officially & physically removed from the United States to the Dominican Republic from the Port of Alexandria, Louisiana pursuant to a removal order.

    (g) VILLA-MEJIA claims to have illegally re-entered the United States by boat at or near Aguada, Puerto Rico, on October 10, 2017.

17. Border Patrol Agents advised VILLA-MEJIA of his right to legal representation and his right to speak with the Consular Officer of his native country, the Dominican Republic.

18. VILLA-MEJIA re-entered the United States at a place other than a designated Port of Entry.

19. VILLA-MEJIA is a national and citizen of the Dominican Republic who does not possess any immigration documents allowing him to enter and/or remain in the United States legally, to include but not limited, the lack of express consent from the Attorney General of the

United States, or his successor, the Secretary of the Department of Homeland Security, to reapply for admission into the United States. Furthermore, **VILLA-MEJIA** was not inspected, admitted, or paroled into the United States by an Officer of the Bureau of Customs and Border Protection.

20. **VILLA-MEJIA** does not have any petitions pending with the Bureau of Citizenship & Immigration Services.

21. Based upon my training, experience, and participation in other investigations, and based on the facts revealed in this investigation, I believe that sufficient probable cause exists to demonstrate the commission of a violation of federal law by the above-mentioned subject, to wit, a violation of Title 8, *United States Code.* Section 1326(a).

_____
Luis Polo
Border Patrol Agent

Subscribed and Sworn before me pursuant to FRCP 4.1 at 12:00pm by telephone, this 21st day of January 2026.

_____
Honorable Mariana Bauza-Almonte
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF PUERTO RICO

4